# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMUNDO GARCIA Q, ) | |
|     Plaintiff, ) | Civil Action No. 10-93 Erie |
| ) | |
| v. ) | District Judge McLaughlin |
| ) | |
| FRANCISCO QUINTANA, et al, ) | Magistrate Judge Baxter |
|     Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant civil action be dismissed pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate Order filed this day, the pending dispositive motions [ECF Nos. 19, 21 and 22] are dismissed as moot.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, acting *pro se*, filed this civil action on April 19, 2010. At the time of the filing of the complaint, Plaintiff was a federal inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania. Plaintiff complains that he received inadequate medical care and treatment following a fall in which he injured his coccyx. ECF No. 6.

1

Since the filing of this action, this Court has been informed that Plaintiff was released from federal custody in December of 2010 and was thereafter deported from the United States. ECF No. 27. Following his deportation, Plaintiff re-entered the United States, was re-apprehended, and is currently facing criminal charges for illegal re-entry of a deported alien. Id. Since the time of his release from federal custody, Plaintiff has not notified this Court of his whereabouts.

Named as Defendants to this action are: Francisco Quintana, former Warden of FCI McKean; Roddie Rushing, Warden of CCA Youngstown; Dr. Toss and "Medical Staff"; and the United States of American. ECF No. 6, page 4. Defendants have filed dispositive motions.[1] ECF Nos. 19, 21, and 22. Despite being given the opportunity to file an opposition brief to each of those motions (see ECF No. 24), Plaintiff has failed to do so.

By Order dated July 6, 2011, this Court directed Plaintiff to show cause before July 15th for his failure to provide this Court with his correct address. The Order warned that failure to comply would result in the dismissal of this action for failure to prosecute. ECF No. 26. As of today's date, Plaintiff has not complied with that Order.

### B. *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct

---

[1] Defendants Toss and "Medical Staff" have not entered an appearance in this matter.

of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called Poulis factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010) citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.

### 1) Extent of Personal Responsibility

This first *Poulis* fact weighs heavily in favor of dismissal. During the pendency of any litigation, the parties are under a continuing obligation to keep the Court informed of their address. In a case filed *pro se*, this is solely the obligation of the plaintiff and Plaintiff Garcia Q was advised of this obligation by way of the Pro Se Instructions from the Clerk of Courts. Plaintiff is proceeding *pro se* and therefore bears full responsibility for any failure in the prosecution of his claims.[2] See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.).

### 2) Prejudice to the Adversary

---

[2] The docket indicates that Plaintiff knew he was scheduled for deportation and Plaintiff expressed his wish that his sister continue his case in his absence. ECF Nos. 17, 18. However, Plaintiff's sister has never contacted this Court nor would she have standing to continue this matter on his behalf. See Powers v. Ohio, 499 U.S. 400 (1991).

3

Plaintiff's continuing failure to inform this Court or his adversaries of his current address makes it impossible to determine his interest in pursuing this action, nor can this matter proceed. The inability to proceed in the normal course requires this Court to find that Defendants are prejudiced by Plaintiff's failure to prosecute this case.

### 3) History of Dilatoriness

Here, Plaintiff has failed to file briefs in opposition to the pending dispositive motions and failed to respond to a show cause order. Plaintiff was released from federal custody over seven months ago and has made no attempt to contact this Court.

### 4) Willful or bad faith acts by Plaintiff

There is no evidence of bad faith by Plaintiff in this case and so this factor is neutral.

### 5) Effectiveness of Alternative Sanctions

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Garcia Q. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002). The Court is left with no means of communicating with Plaintiff to impose any lesser sanction than dismissal of this case.

### 6) Meritoriousness of Claims or Defenses

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious. Briscoe, 538 F.3d at 263. A claim or defense will be considered

meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Id.; Poulis, 747 F.2d at 869-70. In Briscoe, the district court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191.

Defendants Quintana and the United States move to dismiss or in the alternative for summary judgment on the following bases: failure to exhaust his administrative remedies in accordance with the requirements of the PLRA and FTCA; sovereign immunity as to the United States; failure to personal service; lack of personal involvement; and qualified immunity of Quintana. ECF No. 20. Defendant Rushing has filed a motion to dismiss or in the alternative for change of venue on the following bases: lack of personal jurisdiction; improper venue; lack of personal involvement; and failure to state a claim. ECF No. 23.

Here, this factor is neutral as Defendants have raised numerous *prima facie* defenses to the claims asserted in the complaint.

In sum, four of the six Poulis factors weigh heavily in favor of dismissal of this action, and, in the absence of Plaintiff, this Court is left with no choice but to recommend the dismissal of this case.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the instant civil action be dismissed pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate Order filed this day, the pending dispositive motions [ECF Nos. 19, 21 and 22] are dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 29, 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMUNDO GARCIA Q, | ) | |
| Plaintiff, | ) | Civil Action No. 10-93 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| FRANCISCO QUINTANA, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 29th day of July, 2011;

IT IS HEREBY ORDERED that the pending dispositive motions [ECF Nos. 19, 21 and 22] are dismissed as moot in light of the Report and Recommendation recommending the dismissal of this action due to Plaintiff's failure to prosecute.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Order. Failure to file timely objections may constitute a waiver of rights.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge